No. 22-16809

---

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE NINTH CIRCUIT
---

BRIAN BEST,

Petitioner-Appellant,

v.

VIRGIL SMITH, *et al.,*

Respondents-Appellees.

---

On Appeal from the United States District Court
for the Northern District of California (Honorable Yvonne Gonzalez Rogers)
Case No. CV-19-2252-YGR

---

### APPELLEE'S VIRGIL SMITH'S
### MOTION FOR SUMMARY DISPOSITION
---

Robert H. Pittman, County Counsel (172154)
Michael A. King, Deputy County Counsel (77014)
County of Sonoma
575 Administration Drive, Room 105-A
Santa Rosa, CA 95404
Telephone: (707) 565-2421
Michael.King@sonoma-county.org

*Counsel for Respondent-Appellee Virgil Smith.*

---

1

# I. <u>INTRODUCTION</u>

Respondent-Appellee Virgil Smith (hereinafter "Appellee") hereby moves this Court for an order granting summary disposition by affirming the District Court's Judgment entered on March 17, 2022, its Omnibus Order Re: Pending Motions, its Order Denying Motion for Reconsideration, and its Order Denying Second Motion for Reconsideration. (Dkt. #s 198, 231, 233, and 234) This appeal is frivolous based upon the District Court's express finding, and it is also untimely despite clear direction about time limitations having been given to Plaintiff-Appellant Brian Best. ("Appellant") This Motion is made pursuant to Federal Rule of Appellate Procedure 4, Ninth Circuit Rule 3-6(a), and the arguments in this Motion.

The District Court's Judgment was based on a unanimous jury verdict, the Omnibus Order was based upon Appellant's failure to establish a basis for his numerous motions: mistrial (new trial), disqualify counsel, to disqualify the judge, and motion to compel. Appellant also failed to establish a basis for his two additional attempts requesting reconsideration of the District Court's orders.

The District Court discussed at length the timing of any appeal in its Omnibus Order based upon an analysis and discussion of FRAP Rule 4. It ruled that Plaintiff had at most, 58 days from the date of that July 26, 2022 Order. (Dkt.

#231, pp. 19: 1 to 20: 6, 24: 23-26). Appellant Best was specifically reminded of the time to file this appeal in the August 29, 2022 Order. (Dkt. #233, pp. 1: 28 to 2: 1). The Notice of Appeal was not filed until November 23, 2022 (Dkt. # 237), although an attempt was made to file it on November 21, 2022. (Dkt. #236). This is still almost two (2) months after the extension allowed by the District Court under Federal Rule of Appellate Procedure, Rule 4.

The District Court made a specific finding on July 26, 2022, that "any appeal taken from any order in this action will not be taken in good faith and is therefore frivolous. Fed. R. App. P. 24(a)(3)(A); *Ellis v. United States*, 356 U.S. 674, 674–75 (1958); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002)." (Dkt. #231, p. 24:7-9) Judge Gonzalez Rogers has repeated her finding in the Order Denying Request for Transcripts. (Dkt. #240).

## II. <u>FACTS AND PROCEDURAL HISTORY</u>

### A.    **Allegations in the Pleadings**

Appellant filed his original Complaint on April 25, 2019. (Dkt. #1). Appellant's lawsuit is based on an incident that occurred on April 24, 2017, at the Main Adult Detention Facility for the County of Sonoma. Plaintiff claimed that excessive force was used to subdue him while he was in the booking process for an offense that occurred in the City of Rohnert Park. Appellant's original Complaint listed only John Doe (Sheriff's Deputy) and the "Sonoma County Sheriff's

Department". (Dkt. #1) During the course of Rule 12 Motions to Dismiss, and amended Complaints, Brian Best added numerous other named defendants, alleging a variety of claims.

The Honorable Yvonne Gonzalez Rogers eventually limited the case to a Fourth Amendment section 1983 claim for excessive force against a single Sheriff deputy, Virgil Smith. (Dkt .#62, pp. 14-15).

**B.    Discovery**

Various disputes arose during discovery which were presented to Magistrate Judge Donna M. Ryu on 2 separate occasions. (Dkt. #s 99, 110) Judge Ryu issued orders which were complied with by Appellee Smith, but not necessarily by Plaintiff. Neither party returned to Judge Ryu with any other disputes.

Discovery closed. Expert discovery closed. About a month before trial, Plaintiff Best notified counsel for Defendant Smith about an expert witness and undisclosed fact witnesses. He was allowed to call those witnesses at trial over Defendant's objection. (Dkt.#s 175 and 179: Pre Trial Orders Nos. 2 and 3). The District Court allowed the expert to testify and appear remotely due to scheduling conflicts. (Dkt.#189-1).

**C.    Trial**

The trial before a jury took place on March 14-17, 2023 at United States District Court, Northern District of California, in Oakland, California. A jury of 8

was empaneled after the Court's voir dire. Both sides were initially limited to 3 hours to present his case. Plaintiff took additional time which the Court allowed. The jury returned a unanimous verdict that Brian Best failed to establish that Virgil Smith used excessive force on Plaintiff in the booking area. (Dkt.#193). Judge Gonzalez Rogers entered Judgment on the verdict on March 17, 2022. (Dkt #198).

### D.     Post-Trial Motions and Rulings

Appellant started filing motions post-trial shortly after Judgment. An "Application for Mistrial" was filed on March 21, 2022. (Dkt.#205). A "Motion to Disqualify Counsel," including a Motion for Sanctions, was filed on March 28, 2022. (Dkt.#s 207, 207-1). Appellant filed a "Motion to Stay" on March 30, 2022. (Dkt.#208), and a "Motion to Continue" on April 4, 2022. (Dkt.#212). He also filed a "Motion to Disqualify Judge" on April 4, 2022. (Dkt.#211). Two additional "Motion for Sanctions" were also filed on April 4, 2022. (Dkt.#s 215 and 216).

After ordering a consolidated opposition and consolidated reply to these motions, the Honorable Yvonne Gonzalez Rogers issued an "Omnibus Order Re: Pending Motions" on July 26, 2022. (Dkt.#231). The Court construed the application for mistrial to be a motion for new trial under Rule 59, despite its title. (Dkt.#231, p. 4: 4-10). Judge Gonzalez Rogers discussed at length why the motion for new trial failed on all the grounds raised. (Dkt.#231, pp. 4-17).

The District Court also addressed the motion to stay/motion to continue as it related to any appeal of the Judgment or the Court's Orders. Noting that nearly four months passed since filing of the original motion, the Court granted a 30-day extension after the time prescribed in Rule 4(a). (Dkt.# 231, pp. 19: 1 to 20: 6). The District Court discussed at length the timing of any appeal in the Omnibus Order to be 58 days from the date of that July 26, 2022 Order. (Dkt.#231, pp. 24: 24 to 25: 2): "If plaintiff does not intend to request *in forma pauperis* status on appeal, any notice of appeal must be filed with the Ninth Circuit within 58 days from the date of this order. However, if plaintiff intends to file a request to proceed *in forma pauperis* on appeal, both the notice of appeal and request to proceed in forma pauperis must be filed within 30 of the date of this order in order to conform with the rule setting forth the deadline to file a request to proceed *in forma pauperis*."

Appellant Best was specifically reminded of the time to file this appeal in the August 29, 2022 Order. (Dkt.#233, pp. 1: 28 to 2: 1).

**E.    Appeal**

No notice of appeal, nor any request to proceed in forma pauperis, was filed within 30 days of the Omnibus Order. No notice of appeal to the Ninth Circuit was filed within 58 days of the Omnibus Order.

On November 21, 2022, Appellant attempted to file his notice of appeal, but it was blank. (Dkt.#236.) Appellant filed his Notice of Appeal on November 23, 2022. (Dkt.#237) The first attempt at a notice of appeal on November 21, was approximately 118 days after the July 26, 2022 Omnibus Order.

## III. LEGAL ARGUMENT

### A. Motion for Summary Disposition

Circuit Rule 3-6(a) states:

> At any time prior to the completion of briefing in a civil appeal or petition for review, if the Court determines:
>
> …
>
> (2) that it is manifest that the questions on which the decision in the appeal or petition for review depends are so insubstantial as not to justify further proceedings;
>
> the Court may, upon motion of a party, or after affording the parties an opportunity to show cause, issue an appropriate dispositive order.

(*See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir. 1982)*; see also Vahan v. Shalala,* 30 F.3d 102, 103 (9th Cir. 1994) (holding that a district court lacks authority to grant a motion to extend time for appeal if the motion was filed outside the time limits set by Fed. R. App. P. 4(a)(5)).)

Here, no brief has been filed

### B. Summary Disposition is Appropriate

After more than 3 days of trial, on March 17, 2022, a unanimous jury rendered a verdict for defendant Virgil Smith on the claims of excessive use of

force. After the verdict and Judgment of the Court on the same date, Plaintiff filed multiple frivolous, confusing, and unsupported motions in bad faith. He did not file proper motions pursuant to Federal Rules of Civil Procedure 59 and 60; but the Court construed his "Application for Mistrial" to be a Rule 59 motion. He failed to follow the Court's clear order about his time to appeal, which the Judge Gonzalez Rogers graciously extended an additional 28 days beyond the time otherwise allowable.

The District Court advised Plaintiff of that fact in its August 29, 2022 Order. Instead, Mr. Best filed more frivolous motions to "reconsider", none of which extended the time to file a notice of appeal. Appeals that are not timely filed "'must be dismissed for want of jurisdiction.'" *Bowles v. Russell*, 551 U.S. 205, 213 (2007).

The Honorable Yvonne Gonzalez Rogers has continued to conclude that any appeal is frivolous in her rulings. (Dkt.# 231, p. 24; Dkt. #240). While Appellee is not requesting sanctions, summary disposition at this juncture will avoid the continued time and expenses associated with this litigation and put an end to this matter. "The relevant inquiry, however, is not whether the entire litigation is frivolous from beginning to end, but whether the appeal brought is frivolous." *International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1408. (9th Cir. 1985).

The District Court provided Appellant ample due process and opportunity to present a relatively simple case to the jury supported by fact-based evidence; then ample opportunity to present proper, timely, legally supported post-trial motions to challenge the jury verdict. He did not do so.

## IV. <u>CONCLUSION</u>

This appeal is appropriate for resolution on summary disposition. The District Court correctly determined that any appeal in this matter is frivolous. Appellant was given numerous chances to prepare his case for trial, was given extra time at trial to present his case, and he was given multiple opportunities to present proper motions post trial. He was unable to present a cogent case to the jury in the extra time allowed by the Court; he did not prepare proper post-trial motions that were supported by any admissible, relevant evidence, and he did not timely appeal this case despite clear court instructions about the time limits to file any notice of appeal. Appellee respectfully requests the summary dismissal of this appeal.

Dated: January 5, 2023   Robert H. Pittman, County Counsel


By: /s/ Michael A. King
   Michael A. King
   Attorneys for Appellee
   Virgil Smith

## STATEMENT OF RELATED CASES

Pursuant to Circuit Rule 28-2.6, Counsel for Appellee is not aware of any case that is related to this case within the meaning of Circuit Rule 28-2.6.

Dated:  January 5, 2023          Robert H. Pittman, County Counsel


By:   /s/ Michael A. King
          Michael A. King
          Attorneys for Appellee
          Virgil Smith

## BRIEF FORMAT CERTIFICATE OF COMPLIANCE

I, Michael A. King, certify:

1.     This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure, Rule 32(a) (7) (B) because this brief contains 1775 words, excluding parts of the brief exempted by Fed. R. App. P. 32(a) (7) (B) (iii); and

2.     This brief complies with the typeface requirements of Federal Rule of Appellate Procedure, Rule 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure, Rule 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2013, in 14 point Times New Roman.

Dated:  January 5, 2023          Robert H. Pittman, County Counsel


By:   /s/ Michael A. King
        Michael A. King
        Attorneys for Appellee
        Virgil Smith

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF filing system. I certify that all participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: January 5, 2023          Robert H. Pittman, County Counsel


                               By: /s/ Megan Sweeley
                                   Megan Sweeley